Amy M. Samberg, Esq.
Nevada Bar No. 10212
Justin S. Hepworth, Esq.
Nevada Bar No. 10080
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone (702) 784-5200
Fax (702) 784-5252
asamberg@swlaw.com
jhepworth@swlaw.com

*Attorneys for Defendant Travelers Property Casualty Company of America*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARGET CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, EDWARD JAMES WHEELER, DANIEL HUNT and DOES 1-10, <br><br> Defendants. | CASE NO. <br><br><br> **NOTICE OF REMOVAL** |

**TO THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446(a), Petitioner Travelers Property Casualty Insurance Company of America ("Travelers") hereby petitions the Court for removal of the action described below from the Eighth Judicial District Court of the State of Nevada, in and for Clark County, to this Court, and in support thereof, respectfully show:

1. On May 23, 2014, Plaintiff Target Construction, Inc. ("Plaintiff") filed a civil action, Case No. A-14-701215-C, against Travelers, Edward James Wheeler ("Wheeler") and Daniel Hunt ("Hunt").

2. On May 27, 2014, Travelers was served with a copy of the Complaint. A true and correct copy of the Complaint is attached as **Exhibit A**.

19542453

3. Removal is therefore timely under 28 U.S.C. § 1446(b), because this Notice is filed within 30 days after receipt by Travelers of the Summons and Complaint, and within one year of the commencement of the action. *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding the thirty-day period for removal does not begin to run until the party has been properly served).

4. Travelers will also timely file a Notice of Removed Action in the Eighth Judicial District Court of the State of Nevada, in and for Clark County, a true copy of which is attached as **Exhibit B**. *See* 28 U.S.C. § 1446(d).

5. Travelers is providing written notice to Plaintiff. *See* 28 U.S.C. § 1446(d).

## JURISDICTION

6. Under 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court for the District of Nevada is the federal jurisdiction embracing Clark County, Nevada, the county in which Plaintiff filed his Complaint.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## AMOUNT IN CONTROVERSY

8. It is well-settled among Ninth Circuit courts that, where the amount in controversy is not specifically stated in an *ad damnum* clause, the defendant need only show by a preponderance of the evidence that the complaint alleges damages in excess of $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-76 (9th Cir. 1997). The defendant can meet this burden by showing that it is "facially apparent" from the complaint that the jurisdictional amount is in controversy or by producing summary judgment-type evidence. *See id.* at 377. The defendant merely needs to prove that it is more likely than not that the amount in controversy satisfies the jurisdictional amount. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Included in the amount in controversy calculation are *all*

1  allegations of damages, including actual damages, and attorneys' fees. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

9. Because this case was originally filed in state court and Nev. R. Civ. P. 8(a) prohibits a plaintiff from pleading a specific amount of damages that is greater than $10,000.00, Plaintiff's Complaint does not state explicitly that the amount in controversy is greater than $75,000.00. *See* Compl. (Ex. A). Nevertheless, a facial review of Plaintiff's Complaint reveals that the amount in controversy exceeds the jurisdictional threshold. *See id.* Specifically, Plaintiff seeks coverage under Travelers insurance policy and alleges "the basic insurance contract claim is approximately $150,000." *See id.* at ¶ 14.

10. Therefore, based on the allegations of the Complaint, Travelers believes in good faith that the amount in controversy exceeds $75,000.00. Travelers, however, does not concede that it is guilty of any conduct that would warrant the imposition of any damages alleged by Plaintiff.

**GEOGRAPHICAL DIVERSITY**

11. Upon information and belief, Plaintiff is organized and existing under the laws of the State of a Nevada and authorized to do business in the State of Nevada. *See id.* at ¶ 1.

12. Travelers is an insurance company organized and existing under the laws of the State of Connecticut and licensed to do business in the State of Nevada as an insurance carrier.

13. For purposes of removal under 28 U.S.C. § 1441, *et seq.*, the citizenship of defendants sued under fictitious names is disregarded. *See* 28 U.S.C. § 1441(a); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes[.]") (citing 28 U.S.C. §§ 1441(a), 1447(e)); *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("'John Doe' defendants are not permitted in federal diversity suits.") (citing, *inter alia*, 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3642, 144–46 (2d ed. 1985)).

14. Upon information and belief, Defendants Wheeler and Hunt are residents and citizens of the State of Nevada (*see* Compl. (Ex. A) at ¶¶ 3-4) but, as alleged below, their citizenship should be disregarded because (1) they are not necessary and indispensable parties and

- 3 -

(2) they are procedurally misjoined. The Court should therefore sever and remand Plaintiff's claims against Defendants Wheeler and Hunt back to the Eighth Judicial District Court of the State of Nevada, in and for Clark County, and retain jurisdiction over the remaining claims.

15. Accordingly, this case meets the requirements for original jurisdiction in this Court stemming from diversity of citizenship as set forth in 28 U.S.C. § 1332(a).

## **WHEELER AND HUNT ARE NOT NECESSARY & INDISPENSABLE PARTIES**

16. This Court should sever and remand Plaintiff's claims against Defendants Wheeler and Hunt pursuant to Rule 21 because they are not necessary and indispensable parties under Rule 19. "Rule 21 is directed at 'defect of parties.'" *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003) (quoting Fed. R. Civ. P. 21 advisory committee notes). Rule 21 gives district courts broad authority to sever and remand claims against unnecessary defendants to perfect diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (stating "it is well-settled that Rule 21 invests district courts with authority to allow a dispensable party to be dropped at any time"). The Ninth Circuit has confirmed that "Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) (citing *Fidelity & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 918 (9th Cir. 1979); *Anrig v. Ringsby United*, 591 F.2d 485, 491 (9th Cir. 1978); *Ray v. Bird & Son & Asset Realization Co. Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975); *Jett v. Phillips & Assocs.*, 439 F.2d 987, 989-990 (10th Cir. 1970)); *see also Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) ("[A] party or claim whose presence deprives the court of jurisdiction may be dropped or severed from the action.") (citing Fed. R. Civ. P. 21). Courts may sever claims against even a properly joined party, so long as that party is not necessary and indispensable within the meaning of Rule 19. *See* 4 Moore's Fed. Prac. § 21.05, at 21-20 to -21. ("[C]ourts agree that the Rule may apply even in the absence of misjoinder or nonjoinder.").

/ / /

/ / /

- 4 -

19542453

17. Rule 19(a) states:

> An indispensable party is [a person in whose] absence, the court cannot accord complete relief among existing parties; or [who] claims an interest relating to the subject of the action and is so situated that disposing of the action in th[at] person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Defendants Wheeler and Hunt are not necessary and indispensable parties. Defendants Wheeler and Hunt cannot be alleged to have acted in concert or be held jointly liable with Travelers, so complete relief can be awarded in their absence. *See* Fed. R. Civ. P. 19(a)(1)(A). The allegations relating to Defendants Wheeler and Hunt are factually and legally unrelated to the bad faith and coverage claims against Travelers, so Defendants Wheeler and Hunt do not – and cannot – claim any interest in those claims. *See* Fed. R. Civ. P. 19(a)(1)(B). Nor could the disposition of the bad faith and coverage claims in the absence of Defendants Wheeler and Hunt impede their ability to protect their interests, or leave an existing party (Plaintiff or Travelers) subject to any inconsistent obligations.

18. The severance and remand of Plaintiff's claim against Defendants Wheeler and Hunt will advance the convenience and efficiency of this litigation with no prejudice to Plaintiff.

19. Accordingly, the Court should sever Plaintiff's claims against Defendants Wheeler and Hunt and remand those claims back to the Eighth Judicial District Court of the State of Nevada, in and for Clark County, and retain jurisdiction over Travelers.

**DEFENDANTS WHEELER AND HUNT ARE PROCEDURALLY MISJOINED**

20. The misjoinder of unrelated claims against a nondiverse defendant to destroy diversity is improper. "Misjoinder [of a defendant] may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord In re Benjamin Moore & Co.*, 318 F.3d 626. 630-31 (5th Cir. 2002) (recognizing that misjoinder of the parties should not be allowed to "circumvent diversity jurisdiction"); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505

- 5 -

19542453

(E.D. Cal. 2008) (applying procedural misjoinder and severing and remanding claims against nondiverse defendants "pursuant to Rule 21 … so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and to preserve the interests of judicial expediency and justice"); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004) ("[T]he [procedural misjoinder] rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court."); *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 396 (S.D. W.Va. 2004) (similar).

21. Under the doctrine of procedural misjoinder, "a court may disregard the citizenship of certain parties, on either side of the adversarial divide, whose claims lack a common transaction and legal or factual identity." *Burns v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 401, 403 (S.D. W. Va. 2004); *see also Greene*, 344 F. Supp. 2d at 685. To determine whether claims are procedurally misjoined, the Court looks to permissive joinder rules. The defendants may be joined in a single action only when the plaintiff alleges "any right to relief … against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)." Charles A. Wright et al., 7 Fed. Prac. & Proc. Civ. § 1653 (3d ed.). If a court finds that a nondiverse defendant does not satisfy these requirements, the defendant is deemed procedurally misjoined, and the appropriate course of action is to sever and remand the claims of against that defendant "for purposes of maintaining the [diverse] defendants' right to removal of the remainder of the action." *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 148 (S.D.N.Y. 2001).

22. Plaintiff's conversion and negligence claims against Defendants Wheeler and Hunt, and the coverage and bad faith claims against Travelers should not be litigated together in the same case. *See Big-D Construction Corp. v. Take it for Granite Too*, 2012 WL 6632124 (D. Nev. Oct. 30, 2012) ("Courts routinely uphold the rationale that claims against insureds and coverage actions involving the insured's liability insurance should not be litigated together in the same case . . . if an insured and insurer find themselves in the same action . . . the only non-

19542453

1  justiciable manner of allowing the litigation to proceed is to sever the coverage related action
2  from the contract and tort action."). Moreover, the alleged failure to provide coverage and
3  alleged bad faith handling of Plaintiff's claim are unrelated to Defendant Wheeler's and
4  Defendant Hunt's acts of dominion over and damage to Plaintiff's property. Federal courts have
5  confirmed that the tortfeasors (like Defendants Wheeler and Hunt) are not a necessary party in
6  lawsuits against insurance companies. For example, in *Trigo*, the insured misjoined the tortfeasor
7  in a declaratory action against the insurance company to establish coverage. *Trigo v. Travelers
8  Comm. Ins. Co.*, 3:10-CV-00028, 2010 WL 3521759 (W.D. Va. Sept. 7, 2010). Noting that the
9  tortfeasor "will rarely, if ever, possess a real and substantial interest in the outcome of the case,"
10 the court then severed and remanded the insured's claims against the tortfeasor, retaining
11 jurisdiction over the diverse insurer. *Id.* at *7 ("Generally, in a declaratory judgment suit in
12 Virginia, brought only against one's insurer and solely to establish policy limits for UM/UIM
13 coverage, the party whose allegedly tortious conduct caused the underlying injury will rarely, if
14 ever, possess a real and substantial interest in the outcome of the case."); *see also Lloyd v.
15 Travelers Prop. Cas. Ins. Co.*, 699 F. Supp. 2d 812, 816 (E.D. Va. 2010) ("Because it is clear that
16 the tortfeasor defendants lack any stake in the outcome of this litigation, their citizenship is not
17 properly considered for diversity purposes.").

18        23.    Because Defendants Wheeler and Hunt are not properly joined, they are
19 procedurally misjoined, and the proper remedy is to sever Plaintiff's claim against them under
20 Rule 21 and remand that claim to the Eighth Judicial District Court of the State of Nevada, in and
21 for Clark County. *See Newman-Green, Inc.*, 490 U.S. at 832 ("it is well-settled that Rule 21
22 invests district courts with authority to allow a dispensable party to be dropped at any time").
23 Courts have routinely done so in similar circumstances. *See Greene*, 344 F. Supp. 2d at 685
24 (holding that "[d]efendants' statutory right of removal has been frustrated by Plaintiffs' improper
25 joinder"); *In re Rezulin Products Liab. Litig. (MDL No. 1348)*, 00 CIV. 2843 (LAK), 2002 WL
26 31496228, at *1 (S.D.N.Y. Nov. 7, 2002) ("Because the misjoinder of the New York and New
27 Jersey plaintiffs would destroy complete diversity, the Court will sever the claims of those four
28 plaintiffs so as to preserve the defendants' right to removal of the remainder of the action.");

- 7 -

19542453

*Grennell*, 298 F. Supp. 2d at 390 (noting that "[t]ypically, the proper remedy for misjoinder of plaintiffs would be severance of all claims and remand of the nondiverse plaintiffs' claims"); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 148 ("Because the misjoinder of the five plaintiffs with claims against non-diverse physicians would destroy complete diversity, the Court will sever those five actions so as to preserve the defendants' right to removal in the remaining actions."); *Stone v. Zimmer, Inc.*, 09-80252-CIV, 2009 WL 1809990, at *4-5 (S.D. Fla. June 25, 2009) ("Because Dr. Merson was improperly joined as a defendant, her citizenship … should be disregarded in determining the existence of complete diversity . . . [T]he court has determined to *sua sponte* sever and remand the Stone's claims against Dr. Merson and the Pain Institute.") (citing *Newman-Green, Inc.*, 490 U.S. at 832); *Sutton*, 251 F.R.D. at 505 ("[T]he joinder of the California Defendants is improper. Plaintiffs' claims based on strict products liability against the removing Defendants are separate from Plaintiffs' claims of medical malpractice against the California Defendants . . . Plaintiffs' claims against the California Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal. . . ."); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 2572048, at *2-3 (D. Minn. Aug. 30, 2007) ("Because the basis for the causes of action against Dr. Housman do not arise from the same transaction and occurrences as those in the causes of action against Guidant and EVT, the Court will sever the action against Dr. Housman so as to preserve Guidant and EVT's right to removal in the remaining action and to preserve the interests of judicial expediency and justice.").

**PLAINTIFF'S JOINDER OF TRAVELERS IN THE SUIT AGAINST DEFENDANTS WHEELER AND HUNT IS AN IMPROPER JURISDICTIONAL MANIPULATION**

24.     Diversity jurisdiction originates from the Article III of the United States Constitution and was conferred upon federal courts by Congress.  As Justice Story explained early in our nation's history, diversity jurisdiction "was not to be exercised exclusively for the benefit of parties who might be plaintiffs, and would elect the national forum, but also for the protection of defendants who might be entitled to try their rights, or assert their privileges, before the same forum." *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 348 (1816).

25. Foreign corporations—such as Travelers—have a "federal constitutional right . . . to resort to the federal courts" by exercising their federal right of removal. *Terral v. Burke Constr. Co.*, 257 U.S. 529, 532-33 (1922). "[T]his constitutional privilege [of diversity jurisdiction] may be considered [to be one of the] most valuable . . . The right of choosing an impartial tribunal is a privilege of no small practical importance . . . to corporations themselves that they should enjoy the same privileges, in other States, where local prejudices or jealousy might injuriously affect them." *Marshall v. Baltimore & O.R.R.*, 57 U.S. 314, 328-29 (1854) (citing Federalist No. 80).

26. Courts will not tolerate manipulative artifices designed to deprive foreign corporation of their constitutional right to diversity jurisdiction. "Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *McKinney v. Bd. of Md. Community College*, 955 F.2d 924, 928 (4th Cir. 1992). The Supreme Court has accordingly instructed that "[w]hile the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the <u>Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right</u> …." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86, (1907) (emphasis added).

27. The Supreme Court has never held that a federal court's obligation to protect the federal constitutional right of a nonresident defendant to a federal forum is limited to the fraudulent joinder or nominal party doctrines. On the contrary, the Supreme Court has cautioned that manipulative artifices should not be determined by mechanical rules:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings . . . Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision of interest'. . . exists, is therefore not to be determined by mechanical rules. It must be ascertained from the 'principal purpose of the suit'. . . and the 'primary and controlling matter in dispute'. . . .

*City of Indianapolis*, 314 U.S. at 69-70 (citations omitted).

/ / /

28. More recently, the Supreme Court has reaffirmed that a federal court's inquiry into jurisdictional manipulation should not "exalt form over substance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (CAFA context). In various jurisdictions, federal courts have accordingly declined to accept the parties' novel artifices to manipulate jurisdiction. *See, e.g.*, *Tapscott*, 77 F.3d at 1360; *Greene*, 344 F. Supp. 2d at 685; *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 148. One court has descried plaintiffs' practice of including nondiverse defendants to deprive defendants of their constitutional right to a federal forum as disturbing:

> As numerous courts have acknowledged, and both plaintiffs and defendants recognize, <u>many plaintiffs' attorneys include in diversity cases a non-diverse defendant only to non-suit that very defendant after one year has passed in order to avoid the federal forum</u> . . . This practice greatly disturbs this Court . . . [W]hat happens when <u>the non-diverse citizen is subsequently non-suited as soon as the one-year deadline prohibiting removal runs</u>? The result is that <u>diversity jurisdiction</u>—a concept important enough to be included in Article III of the United States Constitution and given to courts by Congress—<u>has become nothing more than a game: defendants are deprived of the opportunity to exercise their right to removal and litigate in federal court not by a genuine lack of diversity in the case but by means of clever pleading</u>. No one can pretend otherwise.

*Linnin v. Michielsens*, 372 F. Supp. 2d 811, 824-25 (E.D. Va. 2005) (emphasis added, citations omitted).

29. Here, the inclusion of Defendants Wheeler, Hunt and Travelers in a single action is improper not only because there is no factual or legal basis for linking Plaintiff's claims against Defendants Wheeler and Hunt to Plaintiff's claims against Travelers. But, moreover, Plaintiff has nothing to gain from including Defendants Wheeler and Hunt and it appears Plaintiff is keeping them in this action solely to defeat diversity.

30. Plaintiff's inclusion of Defendants Wheeler, Hunt and the insurer in the same action is precisely the type of the manipulative device that the Supreme Court and federal courts prohibit and find disturbing.

31. Accordingly, the Court should sever and remand Plaintiff's claims against the Defendants Wheeler and Hunt, and retain jurisdiction over Travelers.

32. Travelers reserves the right to amend or supplement this Notice of Removal.

- 10 -

19542453

## JURY DEMAND

Travelers demands a trial by jury on all issues appropriate for jury determination.

WHEREFORE, Travelers requests that this action now pending against it in the Eighth Judicial District Court of Nevada, in and for Clark County, be removed to this Court

Dated: June 20, 2014                            SNELL & WILMER L.L.P.


By: */s/ Justin S. Hepworth*
Amy M. Samberg, Esq.
Nevada Bar No. 10212
Justin S. Hepworth, Esq.
Nevada Bar No. 10080
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169

*Attorneys for Defendant Travelers Property Casualty Company of America*

19542453

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by the method indicated:

| | |
|---|---|
| __X__ | U.S. Mail |
| _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission |
| _____ | Overnight Mail |
| _____ | Federal Express |
| _____ | Hand Delivery |
| _____ | Electronic Filing |

and addressed to the following:

James E. Whitmire, Esq.
Santoro Whitmire
10100 W. Charleston Blvd., Suite 250
Las Vegas, NV 89135
jwhitmire@santoronevada.com
*Attorneys for Plaintiff*

DATED June 20, 2014

*/s/ Maricris Williams*
An Employee of Snell & Wilmer L.L.P.

- 12 -

19542453