UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TARGET CONSTRUCTION, INC, <br><br> Plaintiff(s), <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., <br><br> Defendant(s). | Case No. 2:14-CV-1004 JCM (VCF) <br><br> ORDER |

Presently before the court is plaintiff Target Construction, Inc.'s ("Target") motion to remand to state court.[1]  (Doc. # 10).  Defendants Travelers Property Casualty Company of America ("Travelers"), Edward James Wheeler ("Wheeler"), and Daniel Hunt ("Hunt") responded (doc. # 12) and plaintiff replied (doc. # 13).

Also before the court is defendant Travelers' motion for settlement conference.  (Doc. # 18).  Plaintiff responded. (Doc. # 19).  Defendant Travelers did not file a reply and the deadline for filing has passed.

**I.  Background**

Plaintiff initiated the case in the Eighth Judicial District Court for Clark County, Nevada. (*See id.*).  Against defendants Wheeler and Hunt, plaintiff brought claims for conversion and negligence.  (*See id.*).  Against defendant Travelers plaintiff brought claims for breach of contract, contractual and tortious breach of the implied covenant of good faith and fair dealing, and for unfair claims practices under Nev. Rev. Stat. chapter 686A.  (*See id.*).

---

[1] Plaintiff also requests that the court award attorneys' fees.  District of Nevada Special Order 109(III)(F)(4) requires that a separate document to be filed on the docket for each purpose. The court cannot consider plaintiff's request for attorneys' fees unless it is filed separately, as a motion.  Therefore, the court will not consider plaintiff's request for attorneys' fees.

**James C. Mahan**
**U.S. District Judge**

This case arises from Wheeler and Hunt's alleged vandalism of property owned by plaintiff and insured by Travelers. (*See* docs. ## 1-1, 10). Plaintiff filed a timely insurance claim with Travelers concerning the loss. (*See* doc # 1-1). Plaintiff alleges that Travelers did not respond in a timely fashion to the insurance claim, which adversely affected plaintiff's business operations. (*See id.*). Wheeler and Hunt were criminally charged and prosecuted for their role in damaging the property. (*See id.*).

Plaintiff is a Nevada entity authorized to do business in Nevada. (*See* doc. # 1-1). Travelers is an insurance company organized and existing under the laws of Connecticut, and licensed to do business in Nevada. (*See* doc. #1). Wheeler and Hunt are both citizens of Nevada. (*See id.*).

Plaintiff served Travelers with a copy of the complaint on May 27, 2014. (*See* doc. # 1). Travelers removed this action on June 20, 2014 on the basis of 28 U.S.C. § 1441 diversity jurisdiction. (Doc. # 1). Wheeler and Hunt were not served at the time of removal, but were subsequently served on August 19, 2014. (*See* docs. ## 14, 15). "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir 1969); *cf Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266, n.4 (9th Cir. 1992) (because the party seeking removal in *Vitek* had no control over who was served, the danger of manipulation present in *Cripps* did not exist in *Vitek*). Defendants Wheeler and Hunt were listed parties on the original complaint. Defendant Travelers, the party seeking removal, did not have control over serving Wheeler and Hunt. Therefore, plaintiff's delayed service does not remove Wheeler and Hunt from the diversity jurisdiction calculus.

The parties dispute whether Travelers properly removed this action to federal court. (*See* docs. ## 10, 12, 13). Travelers argues that the citizenships of Wheeler and Hunt should be disregarded because (1) they are not necessary and indispensable parties, and (2) they are procedurally misjoined. (*See* doc. # 1). Travelers further asks the court to sever and remand

**James C. Mahan**
**U.S. District Judge**

- 2 -

plaintiff's claims against Wheeler and Hunt, and to retain jurisdiction over the claims against them. (*See id.*).

Because whether this court has subject matter jurisdiction will determine whether the court may schedule a settlement conference between the parties, the court will first assess plaintiff's motion to remand.

## II.     Legal Standard

Removal to federal court based on diversity jurisdiction is proper if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564,566 (9th Cir. 1992).

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

## III.    Discussion

Plaintiff asserts that defendants Wheeler and Hunt are properly joined under Rule 20. (*See* doc. # 10). Therefore, plaintiff asserts Travelers cannot prove by clear and convincing evidence that Wheeler and Hunt have been fraudulently joined. (*See id.*).

Travelers asserts that the claims against Wheeler and Hunt, while not necessarily fraudulently joined, are unrelated to the claims against them. Therefore, Travelers asserts that plaintiff's claims against Wheeler and Hunt are "procedurally misjoined." (*See* docs. ## 1, 12). Procedural misjoinder is a recent exception to the requirement of complete diversity that some courts have chosen to adopt. Instead of looking in to the substantive factual or legal basis to

**James C. Mahan**
**U.S. District Judge**

- 3 -

determine whether a party has been fraudulently joined, procedural misjoinder looks to the procedural reasons, or lack thereof, for the joinder of a non-diverse party.[2]  Therefore, even plaintiff's colorable claims against other parties may be procedurally misjoined.

The Ninth Circuit has not yet published an opinion addressing the procedural misjoinder doctrine.  Defendant Travelers urges this court to adopt the Eleventh Circuit's interpretation as presented in *Tapscott v. MS Dealer Services Corp.,* 77 F.3d 1353 (11th Cir. 1996).  (*See* doc. # 12).  In *Tapscott*, class action plaintiffs attempted to join claims brought by one class of plaintiffs against one set of defendants with another group of factually unrelated claims brought by a second class of plaintiffs against a second group of defendants.  *Tapscott*, 77 F.3d at 1360.  On appeal, the Eleventh Circuit affirmed the district court's denial of the plaintiffs' motion to remand, finding that because the sets of defendants were unrelated and had "no real connection" to one another, plaintiffs' attempt to join these parties was "so egregious as to constitute fraudulent joinder." *Id.*

Though some district courts have agreed with the Eleventh Circuit and adopted the *Tapscott* rule on procedural misjoinder, most have declined to follow the *Tapscott* rule.[3]  These decisions are not binding on this court, and offer only persuasive authority.

---

[2] Travelers cites an article, which instructs that "[f]raudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action. . . . Thus, in a case where the joined claims are totally unrelated, a federal district court may find removal jurisdiction pursuant to the fraudulent misjoinder doctrine even though the plaintiff has a reasonable substantive basis for the claim against the jurisdictional spoiler." 29 Harv. J. L. & Pub. Pol'y 569, 572 (2006).

[3] *See, e.g.*, *Green v. Wyeth,* 344 F. Supp. 2d 674 (D. Nev. 2004) (following *Tapscott*); *Elmore v. Merck & Co., Inc.,* No. 03:06-cv-00557-LRH-RAM, 2007 WL 956893 (D. Nev. March 29, 2007) (same); *Sutton v. Davol, Inc.,* 251 F.R.D. 500 (E.D. Cal. 2008) (same)*; cf. Hannig v. Juarez,* 2:12-cv-02058-LDG-GWF, 2013 WL 7095748 (D. Nev. Aug. 27, 2013) *report and recommendation rejected on other grounds*, 2:12-CV-2058-LDG-GWF, 2014 WL 294042 (D. Nev. Jan. 24, 2014) (declining to follow *Tapscott*); *Watson v. Gish,* No. C 10-03770 SBA, 2011 WL 2160924 (N.D. Cal. June 1, 2011) (same); *HVAC Sales, Inc. v. Zurich Am. Ins. Grp.,* No. C-04-03615-RMW, 2005 WL 2216950 (N.D. Cal. July 25, 2005) (same); *Thakor v. Burlington Ins.,* No. C 09-1465-SBA, 2009 WL 1974511 (N.D. Cal. July 8, 2009) (same); *Osborn v. Metropolitan Life Ins. Co.,* 314 F. Supp. 2d 1123 (E.D. Cal. 2004) (same); *Haische v. Allstate,* 942 F. Supp. 1245 (D. Ariz. 1996) (same).

In the Ninth Circuit, if a plaintiff's failure to state a cause of action against a defendant is obvious according to the settled rules of the state, the resident defendant is fraudulently joined. *See McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

Fraudulent joinder is a term of art. *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hamilton Materials Inc. v. Dow Chemical Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2009) (quoting *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987)) (alteration in original). In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris,* 236 F.3d at 1067; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Here, the pleadings suggest that Travelers does not contend the joinder at issue is fraudulent under *McCabe.* Joinder is proper if the state court would find the complaint states any cause of action against the nondiverse defendant. *McCabe,* 811 F.2d at 1339. Under the liberal pleading standards of Rule 8, the court finds that plaintiff states a claim against defendants Wheeler, Hunt, and Travelers. Therefore, plaintiff's claims against non-diverse defendants Wheeler and Hunt meet the requirements for Rule 20 permissive joinder. Travelers has not satisfied the "heavy burden" of demonstrating that "the individuals joined in the action cannot be liable on any theory," *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998), and therefore has not established that plaintiffs fraudulently joined defendants Wheeler or Hunt.

The court may consider whether defendants Wheeler and Hunt were procedurally misjoined under *Tapscott*. This court, however, declines to follow *Tapscott*'s doctrine. Even if this court were to apply *Tapscott,* the court would reach the same conclusion that the joinder was proper.

Unlike *Tapscott,* the instant case does not involve two distinct classes of plaintiffs and two distinct classes of defendants with "no real connection" to one another. Rather, there is only one plaintiff who asserts claims against all defendants. Further, these claims arise from one series of events – the vandalism of property by Wheeler and Hunt, and the subsequent refusal of

**James C. Mahan**
**U.S. District Judge**

- 5 -

Travelers to pay plaintiff's insurance coverage for the damage. Though there may be some factual and legal issues that may bear uniquely upon each defendant's liability, there is enough of an interrelationship between the defendants in this case that their joinder is not so egregious as to be fraudulent under *Tapscott*.

Though the court, on motion or on its own may, on just terms, add or drop a party and may also sever any claim against a party, the court declines to do so here. *See* Fed. R. Civ. P. 21.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Target Construction, Inc.'s motion to remand (doc. # 10) is GRANTED.

IT IS FURTHER ORDERED that defendant Travelers Property Casualty Company of America's motion for settlement conference (doc. # 18) is DENIED as moot.

DATED October 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -